UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:19-cr-373-CEH-CPT

DOVE LAVELL GILES
_____

## ORDER

This cause comes before the Court on Defendant Dove Lavell Giles's Motion for Compassionate Release (Doc. 42), and the Government's Response in Opposition (Docs. 43, 46). In his motion, Giles seeks a reduction in his sentence to time served under 18 U.S.C. § 3582(c)(1)(A) due to his medical conditions and the COVID-19 pandemic.

Having reviewed the motion and being fully advised in its premises, the Court concludes Giles's Motion for Compassionate Release is due to be denied.

### I. BACKGROUND

On February 20, 2020, Giles was sentenced to 130 months' imprisonment upon his guilty plea to one count of distribution of cocaine base, based on conduct committed in February 2019. Doc. 39. Now 46, Giles is incarcerated at FPC Pensacola.

Giles moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his medical conditions constitute extraordinary and compelling reasons that warrant a sentence reduction to time served. Doc. 42 at 1-2. He explains that he

suffers from hypertension, high cholesterol, pre-diabetes, and shortness of breath; that he has a family history of heart disease; and that he is at greater risk of high blood pressure, diabetes, and COVID-19 because he is an African-American male. *Id.* at 3. Giles argues that his demographic characteristics and medical conditions place him at substantial risk during the COVID-19 pandemic due to the uncontrolled spread of the virus throughout his prison facility. *Id.* at 3. He further contends that his health condition diminishes his ability to provide self-care at FPC Pensacola. *Id.* Giles states that he has already demonstrated rehabilitation during the time that he has been incarcerated by participating in numerous programs, including the Residential Drug Program; as a result, he argues he will be adequately supervised in the community by the United States Department of Probation. *Id.* at 5.

The Government responds in opposition, arguing that Giles has not identified an extraordinary and compelling reason that warrants compassionate release. Doc. 43 at 7. First, he has not provided any documentation for his medical conditions to meet his burden of proof. *Id.* at 10-11. Moreover, the Government asserts that his alleged medical conditions are not severe enough to meet the criteria for an extraordinary and compelling reason under the policy statement in U.S.S.G. § 1B1.13, cmt. n.1(A). *Id.* at 11. In any event, it argues that the sentencing factors listed in § 3553(a) disfavor a sentence reduction because of Giles's criminal history, which included lengthy state prison terms that failed to deter him from committing the instant offense. *Id.* at 13-14.

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c).  Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release.  That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

> person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

## III. DISCUSSION

As a threshold matter, the Court finds, as the Government concedes, that Giles has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).  The Government acknowledges that Giles submitted an application to the warden for a sentence reduction more than 30 days before he filed his motion with this Court.  Doc. 43 at 7.  The Court agrees that Giles has satisfied the exhaustion requirement.

However, Giles has not established an extraordinary and compelling reason that warrants compassionate release.  Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted.  Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release.  The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.  This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Giles is 48 years old and did not become incarcerated until 2020.  Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. §

5

3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Giles argues that his medical conditions constitute such a reason, pursuant to the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A). Giles has a number of medical diagnoses that he asserts place him at heightened risk of serious consequences should he contract COVID-19. Moreover, he argues his ability to administer self-care is limited due to the conditions at his prison facility.

Under the policy statement, an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Although Giles asserts that his medical conditions, coupled with the circumstances at FCP Pensacola in relation to the COVID-19 pandemic, diminish his ability to care for himself in prison, he has not provided sufficient evidence to satisfy the criteria for an extraordinary and compelling reason warranting compassionate release. As the Government points out, Giles did not provide any documentation of his medical conditions. *See United States v. Heromin,* 8:11-cr-550-VMC-SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) (Covington, J.) (denying motion for compassionate release due to lack of corroboration from medical provider). Upon review of the medical records submitted by the Government, which do not list Giles's

diagnoses, the Court notes that the Bureau of Prisons has not placed him under any work or physical restrictions based on his medical status. Doc. 46 at 58. Nor does Giles provide any details in his motion from which the Court can conclude his conditions are serious, they reduce his ability to care for himself, and he is not expected to recover from them. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). In all, Giles has not met his burden of demonstrating that his medical conditions constitute an extraordinary and compelling reason for compassionate release.

Moreover, the Eleventh Circuit has held that the COVID-19 pandemic does not permit the district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also, e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same).[2] Accordingly, Giles cannot meet his burden of establishing an extraordinary and compelling reason through the combination of his medical conditions, the COVID-19 pandemic, and the

---

[2] In his motion, Giles cites an unpublished decision from the Northern District of Florida, *United States v. Marcus Neal Manning*, No. 4:18-cr-0001-MW-MAF-1 (N.D. Fla. Dec. 21, 2020), in which a district court granted compassionate release to an incarcerated individual at FCP Pensacola. This Court notes that the decision in *Manning* was issued before the binding Eleventh Circuit decisions clarified the legal framework of compassionate release motions related to the COVID-19 pandemic.

circumstances at his prison facility.  His motion for compassionate release must be denied.[3]

Accordingly, it is **ORDERED:**

1. Defendant Dove Lavell Giles's Motion for Compassionate Release (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Because the Court has determined that Giles is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Doc. 42 at 5; Doc. 43 at 13-14.